[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2008
THOMAS K. KAHN
CLERK

No. 07-12520
Non-Argument Calendar

_____

BIA Nos. A79-470-771 & A79-470-772

ALAND GILBERTO PORTILLO-SIERRA,
MARIA JOSEFINA SUAREZ-PAREDES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 24, 2008)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioners, Aland Gilberto Portillo-Sierra and Maria Josefina Suarez-

Paredes, are husband and wife, and natives and citizens of Columbia, S.A. The only issue their petition for review presents is whether substantial evidence supports the Board of Immigration's ("BIA") rejection of their asylum claim on the ground that they failed to establish past persecution or a well-founded fear of persecution if returned to Columbia. We conclude that substantial evidence does support the BIA's finding, and therefore dismiss their petition.

This case has been here before. In Portillo-Sierra v. U.S. Att'y Gen., 200 Fed. App. 925, 927 (11th Cir. 2006) (unpublished), petitioners sought review of the BIA's affirmance of the Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). The IJ had found against petitioners on the ground that their testimony was not credible, and the BIA, in dismissing petitioners' appeal, had affirmed the IJ's adverse credibility finding. We held that substantial evidence supported the adverse credibility finding, but because the BIA had not considered all of the evidence in the record, we remanded the case to the BIA "for consideration of the evidence of [petitioner Suarez-Paredes's] uncle's murder." On remand, the BIA again dismissed petitioners' appeal, finding that petitioners had failed to establish a well-founded fear of persecution if removed to Columbia. The case is now back

2

before us.[1]

Petitioners argue that they are eligible for asylum because the totality of the evidence shows they suffered past persecution when (1) Portillo-Sierra was kidnapped, (2) Suarez-Paredes's uncle was murdered, and (3) Portillo-Sierra received threatening telephone calls, all because Portillo-Sierra refused to join the National Liberation Army's ("ELN") political movement. Petitioners also argue that they have a well-founded fear that they will be persecuted if returned to Columbia because they continued to receive threatening telephone calls after Suarez-Paredes's uncle was killed, and Suarez-Paredes's aunt wrote a letter indicating that the aunt had been identified as a future kidnap victim.

We review the BIA's decision, but where the BIA expressly adopts the IJ's reasoning, we also review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, we review the BIA's decision because it did not expressly adopt the IJ's reasoning.

The BIA's factual determinations are reviewed under the highly deferential substantial evidence test; we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We can reverse a finding of fact by the BIA

---

[1] In their brief, petitioners do not argue that they are entitled to withholding of removal or CAT relief. Accordingly, we do not consider those matters.

"only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). The BIA's legal determinations are reviewed de novo. Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007).

The Attorney General has discretion to grant asylum to an alien if the Attorney General determines that the alien is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that he qualifies as a "refugee." 8 C.F.R. § 208.13(a). In order to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007).

"Persecution" is not defined in the INA, but we have indicated that it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment

4

or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). We have also stated that "mere harassment does not amount to persecution." Id. (quotation and alteration omitted).

"An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution." Mejia, 498 F.3d at 1257; 8 C.F.R. § 208.13(b)(1). The presumption can be rebutted by a showing that "there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(I).

The law of the case doctrine holds that "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203, 236, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997). "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." This That and the Other Gift and Tobacco, Inc. v. Cobb County, Georgia, 439 F.3d 1275, 1283 (11th Cir. 2006) (quotation omitted). The law of the case doctrine will not bar reconsideration of an issue when "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior

decision was clearly erroneous and would work manifest injustice." Joshi v.

Florida State Univ. Health Ctr., 763 F.2d 1227, 1231 (11th Cir. 1985).  In addition

to these exceptions, the doctrine does not bar consideration of "an issue . . .

outside the scope of the prior appeal."  Transamerica Leasing, Inc. v. Inst. of

London Underwriters, 430 F.3d 1326, 1332 (11th Cir. 2005).

Here, the IJ made an adverse credibility finding and concluded that

petitioners failed to establish that the alleged kidnapping of Portillo-Sierra took

place and the existence of a causal connection between the telephone calls and the

murder of his wife's uncle.  The BIA found no clear error in this decision, and we

upheld the adverse credibility findings.  Portillo-Sierra, 200 Fed. App. at 927.

Therefore, we will not now reconsider the issues of Portillo-Sierra's alleged

kidnaping or the connection between the telephone calls and the murder, as our

prior holding has become the law of the case.  See Agostini, 521 U.S. at 236, 117

S.Ct. at 2017.

The record does not compel the finding that Petitioners suffered past

persecution based upon the uncle's murder, and substantial evidence supports the

BIA's finding that they failed to establish past persecution.  See Sepulveda, 401

F.3d at 1231.

To establish a well-founded fear of future persecution, an alien "need only

show that there is a reasonable possibility of suffering such persecution if he or she

were to return to that country." Mejia, 498 F.3d at 1256 (quotation and alteration omitted). The alien must establish a fear that is both "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." Id. "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (quotation omitted). An alien must establish a nexus between his political opinion and the feared persecution and can do so by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such opinion." See Sepulveda, 401 F.3d at 1231. We "must be compelled to find that the alien will be persecuted 'because of' his political opinion." Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). An alien does not have prove he would be singled out if he can establish a pattern or practice of persecution of a group of which he is a member. 8 C.F.R. § 208.13(b)(2)(iii).

Petitioners did not present any credible testimony or other evidence that they would be singled out or targeted upon their return to Columbia; therefore, substantial evidence supports the BIA's finding that they failed to establish a well-founded fear of persecution if returned to Columbia. See Sepulveda, 401 F.3d at 1231.

7

For the foregoing reasons, their petition for review is

DENIED.